**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Merritt Avery JOHNSON, Defendant—Appellant.**

No. 06-6255.

United States Court of Appeals, Fourth Circuit.

Submitted: Aug. 31, 2006.

Decided: Sept. 6, 2006.

Merritt Avery Johnson, Appellant Pro Se. Marcus John Davis, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Before MICHAEL, MOTZ, and GREGORY, Circuit Judges.

Dismissed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Merritt Avery Johnson seeks to appeal the district court's order treating his Fed. R.Civ.P. 60(b) motion as a successive 28 U.S.C. § 2255 (2000) motion, and dismiss-ing it on that basis. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000); *Reid v. Ange-lone,* 369 F.3d 363, 369 (4th Cir.2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that rea-sonable jurists would find that any assess-ment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller–El v. Cockrell,* 537 U.S. 322, 336–38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee,* 252 F.3d 676, 683–84 (4th Cir.2001). We have independently reviewed the rec-ord and conclude that Johnson has not made the requisite showing. Accordingly, we deny Johnson's motion for a certificate of appealability and dismiss the appeal.

Additionally, we construe Johnson's no-tice of appeal and informal brief as an application to file a second or successive motion under 28 U.S.C. § 2255. *United States v. Winestock,* 340 F.3d 200, 208 (4th Cir.2003). In order to obtain authorization to file a successive § 2255 motion, a pris-oner must assert claims based on either: (1) a new rule of constitutional law, previ-ously unavailable, made retroactive by the Supreme Court to cases on collateral re-view; or (2) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfin-der would have found the movant guilty of the offense. 28 U.S.C. §§ 2244(b)(2), 2255 (2000). Johnson's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED.*